Submitted on motion to dismiss appeal February 26; appeal dismissed March 12, 1935

## ROCKWOOD & CO. *v.* PARROTT & CO.
### (41 P. (2d) 1081)

*McCamant, Thompson & King,* of Portland, for appellant.

*Robert N. Munly, W. A. Munly,* and *Isham N. Smith,* all of Portland, for respondent.

CAMPBELL, C. J. Plaintiff, a Delaware corporation, filed a complaint in which it alleged three causes of action arising out of the execution of three contracts, identical in terms except as to the amounts, between itself and defendant, an Oregon corporation, whereby it agreed to sell and defendant agreed to buy at fixed

prices certain goods, wares and merchandise. It alleged that defendant breached said contracts by refusing to accept or pay for certain of said goods by reason of which it suffered damages in the sum of $8,720 and prayed judgment therefor.

On this complaint, issue was joined, the cause tried, and judgment entered in favor of plaintiff from which an appeal was taken to this court where the judgment was reversed and the cause remanded for further proceedings: *Rockwood & Company v. Parrott & Company,* 142 Or. 261 (19 P. (2d) 423).

When the cause returned to the circuit court, the defendant filed an amended answer in which it admitted the corporate capacity of plaintiff and defendant, with a qualified denial of the other allegations of the complaint, except that it denied, in effect, that plaintiff suffered any damage by reason of any acts of defendant, and then to each of plaintiff's causes of action alleged two identical further answers and defenses.

In its first further answer, it alleged certain fraudulent representations. Some of these allegations were stricken out on motion of plaintiff leaving many allegations intact which raised issues to be met by plaintiff. The second affirmative defense was stricken in its entirety. The order striking out parts of the amended answer contained the following: "It is further ordered that defendant herein be, and it is hereby granted ten days in which to file an amended answer herein."

It appears that defendant did not desire to file an amended answer but decided to stand on the answer as already filed with parts of it stricken out.

On the expiration of ten days from the date of order striking out parts of the answer, plaintiff moved for an order of default and thereafter an order of default was entered against defendant. From this order defendant appeals.

The respondent has moved to dismiss the appeal on the ground that said order is not a final order or judgment and, therefore, not appealable. The appellant contends that said order has all the features of finality. It will first be observed that the order striking portions of appellant's answer did not strike the whole answer, nor did it order defendant to file an amended answer. It simply gave defendant that opportunity. It appears that appellant did not desire to avail itself of such privilege but preferred to stand on its answer on file. While such answer remained, no default order could be taken except possibly an order to the effect that appellant would not thereafter be permitted to file an amended answer without first obtaining permission of the court. There can be no question that if the order of the court, entering default of defendant, intended to deprive defendant of the right of appearing at the trial and proving or attempting to prove the issues raised by allegations remaining in its answer, such order would be a mere nullity, and it would be only necessary to call the facts to the attention of the trial court to have such order set aside. We cannot assume in advance that the trial court would abuse its descretion in that regard. The situation might be different where the whole answer was stricken, but on that we do not pass.

The only question presented on this motion is whether the order of default is a final determination of appellant's defenses so as to preclude it from having its answer receive any further consideration, either by the circuit court or by this court on appeal.

■ If, as above stated, the order of default left nothing for the court to do but enter judgment for plaintiff, then such a judgment would be a judgment for want of an answer and not appealable: Oregon Code 1930, § 7-502.

■■ Respondent contends that because the court obtained jurisdiction of the subject matter of the action and of the parties it had jurisdiction to do what it pleased with the case thereafter. This is a mistaken view and does not take into consideration the distinction between actual jurisdiction and potential jurisdiction. Its actual jurisdiction was to hear and determine the issues presented by the pleadings. We must assume that the trial court knows the law and that it only intended such order of default as an order preventing defendant from filing any further amended answer without first obtaining permission of the court. It may be that defendant will prevail on the trial on the answer now on file. In that event it will not appeal. If it should suffer defeat and final judgment is entered against it, then it can appeal, and the whole matter, including objectionable interlocutory orders to which objection had not been waived, may be reviewed in this court.

The appeal is dismissed.