## DONALD MUELLER,
*Appellant,*

*v.*

## Bob BENNING,
*Respondent.*

(87-C-12088; CA A62309)

798 P2d 267

John E. Storkel, Salem, argued the cause and filed the brief for appellant.

Keith W. Wingfield, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Appellant was found guilty except for insanity of burglary in the first degree after waiving a jury trial.[1] He was committed to the jurisdiction of the Psychiatric Security Review Board for a period not to exceed 20 years. He seeks a writ of *habeas corpus* on the ground that he was denied effective assistance of counsel. The trial court entered a judgment dismissing the petition.

Appellant contends that the trial court erred in dismissing the petition, because he presented sufficient evidence that he was denied effective assistance of counsel.[2] Respondent argues that appellant's proper remedy is post-conviction relief. Respondent contends that "the court below lacked jurisdiction to hear this matter and thus this court also lacks jurisdiction to review the decision of the circuit court."

Respondent is correct that post-conviction relief is appellant's sole remedy. ORS 138.540(1); ORS 34.330(3).[3]

Affirmed.

---

[1] Under *former* ORS 161.295, a defendant could be found

*"not responsible for criminal conduct* if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity to either appreciate the criminality of his conduct or to conform his conduct to the requirements of law." (Emphasis supplied.)

At the time of appellant's conviction, the statute had been amended, Or Laws 1983, ch 800, § 1, to provide for a finding of "guilty except for insanity." Under the current statute, a finding of guilty except for insanity constitutes a conviction.

[2] In the light of our disposition of this case, we do not reach this argument.

[3] ORS 138.540(1) provides that post-conviction relief

"shall be the exclusive means, after judgment rendered upon a conviction for a crime, for challenging the lawfulness of such judgment or the proceedings upon which it is based."

ORS 34.330(3) denies *habeas corpus* relief to a person entitled to post-conviction relief.