Argued and submitted May 7, 1991, decision of Court of Appeals reversed and case remanded to that court for further proceedings November 19, 1992

See 118 Or App 355, 847 P2d 876 (1993)

DONALD MUELLER,
*Petitioner on Review,*

*v.*

Bob BENNING,
Superintendent, Oregon State Hospital,
*Respondent on Review.*

(CC 87-C-12088; CA A62309; SC S37643)

841 P2d 640

John E. Storkel, Salem, argued the cause and filed the petition for petitioner on review.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent on review.

FADELEY, J.

## FADELEY, J.

This case concerns jurisdiction and pleading of habeas corpus and post-conviction petitions. In a 1985 trial of a burglary charge, petitioner here was found guilty except for insanity and was committed to the jurisdiction of the Psychiatric Security Review Board (PSRB). He now seeks release from that commitment by attacking the validity of the trial that produced that result and of the appeal that affirmed it.

In late 1987, petitioner personally wrote a letter to a Marion County Circuit Court Judge complaining about defects at his trial and subsequent appeal, including inadequate performance by trial and appellate counsel. Based on claims in petitioner's letter, the judge ordered that a writ of habeas corpus be issued and appointed a lawyer to represent petitioner. The case proceeded without objection to the form or name of the action and, in 1989, after a trial on the merits of his claims for release from PSRB jurisdiction in Marion County, another judge entered a judgment stating that "[p]laintiff's Petition [sic] for Writ of Habeas Corpus is denied and dismissed with plaintiff obtaining no relief thereunder."[1]

Petitioner appealed. In its responding brief in the Court of Appeals, the state argued for the first time that the trial court had lacked jurisdiction over the habeas corpus claim because, by statute, post-conviction was petitioner's only remedy.[2] The Court of Appeals agreed, ruled that "the

---

[1] Petitioner's trial memorandum used post-conviction terminology. A full trial on the merits was held consonant with post-conviction practice.

[2] In the statutory scheme, if post-conviction relief is available, habeas corpus generally is not. ORS 34.330(3); ORS 138.540(1). ORS 34.330(3) provides:

"The following persons shall not be allowed to prosecute the writ [of habeas corpus]:

"* * * * *

"(3) Except as provided in ORS 138.530 [retaining relief in habeas corpus and by executive clemency], persons eligible to obtain post-conviction relief pursuant to ORS 138.510 to 138.680."

ORS 138.540(1) provides in part:

"Except as otherwise provided in ORS 138.510 to 138.680, a petition pursuant to ORS 138.510 to 138.680 shall be the exclusive means, after judgment rendered upon a conviction for a crime, for challenging the lawfulness of such judgment or the proceeding upon which it is based."

ORS 138.530(2) and (3) provide:

proper remedy" is post-conviction relief, and affirmed the trial court's dismissal without reaching the merits of petitioner's assignments of error. *Mueller v. Benning,* 103 Or App 649, 650, 798 P2d 267 (1990). We reverse and remand to the Court of Appeals for consideration of the assignments of error, because the claims made were cognizable in a post-conviction proceeding and labeling the proceeding as habeas corpus did not vitiate that cognizability.

We first consider why the circuit judge responded to the inmate's letter by issuing a writ of habeas corpus and then turn to the question whether applying that label to this proceeding prevents a decision on the merits of petitioner's claims of inadequate assistance of counsel. The second question will be analyzed in two steps: whether the relief sought in the pleadings herein is properly cognizable in some form of proceeding that is available to petitioner other than habeas corpus; if it is, whether labeling the pleadings as "habeas corpus" is a fatal defect.

The circuit court judge apparently categorized the claims in petitioner's letter as appropriate for habeas corpus relief based on a previous practice no longer applicable. Before 1983, persons found to be insane were "not responsible" for criminal conduct. ORS 161.295 (1981). In common parlance, they were found "not guilty by reason of mental disease or defect."[3] Accordingly, such persons were not convicted. Where defendants were found "not responsible," the Court of Appeals had held that, because there was no underlying conviction, post-conviction relief was not available to

---

"(2) * * * ORS 138.510 to 138.680 shall not be construed to deny relief where such relief would have been available prior to May 26, 1959, under the writ of habeas corpus, nor shall it be construed to affect * * * executive clemency or pardon * * *.

"(3) ORS 138.510 to 138.680 shall not be construed to limit the original jurisdiction of the Supreme Court in habeas corpus as provided in the Constitution of this state."

For a discussion, see Collins and Neil, *The Oregon Postconviction-Hearing Act,* 39 Or L Rev 337, 346 (1960).

[3] The "not responsible" wording originated in Oregon Laws 1971, chapter 743, section 36. Before that enactment, the statutes had characterized insanity as a "defense to the charge * * * under the plea of not guilty." ORS 135.870 (1969).

persons who were committed following a "successful" insanity defense. That court required inadequate assistance of counsel claims to be "resolved by habeas corpus proceedings where, as here, defendant has not been convicted." *State v. Pettypool*, 67 Or App 13, 14, 676 P2d 368 (1984). Apparently, that situation caused what petitioner characterizes as the "longstanding practice that prisoners under the jurisdiction of PSRB were entitled to a form of relief under the habeas corpus but governed by the rules of post-conviction relief."

■    In 1983, however, the legislature changed the statutes so that a person is now "guilty except for insanity," ORS 161.295, and thus is "convicted." *See State v. Olmstead*, 310 Or 455, 463, 800 P2d 277 (1990) (a defendant found "guilty but insane" is not acquitted). Therefore, post-conviction relief is now clearly available to persons who are under PSRB's jurisdiction because they have been found guilty except for insanity.

■ ■    A claim of inadequate assistance of counsel, petitioner's claim here, falls within the statutory grounds for post-conviction relief. ORS 138.530(1)(a); *Krummacher v. Gierloff*, 290 Or 867, 872, 627 P2d 458 (1981) (the right to counsel provisions of the Oregon and federal constitutions "call for an adequate performance by counsel"). Post-conviction relief is available to petitioner because he states a claim, if proved, of substantial denial of a constitutional right within the terms of ORS 138.530(1)(a). Accordingly, the Court of Appeals was correct that "the proper remedy" is post-conviction relief.

■ ■    Furthermore, the claim is not barred by the 120-day statute of limitations.[4] However, that does not answer

---

[4] ORS 138.510(2) provides:

"A petition pursuant to ORS 138.510 to 138.680 must be filed within 120 days of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:   ·

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b) If an appeal was taken, the date the appeal is final in the Oregon appellate courts."

Before a 120-day statute of limitations was enacted by the 1989 legislature, there was no statute of limitations for post-conviction relief. Or Laws 1989, ch 1053, § 18. The 120-day statute of limitations does not apply retroactively to persons convicted

whether mislabeling the documents in the proceeding as being in habeas corpus is a fatal jurisdictional flaw, a question to which we now turn.

Petitioner's initial letter requesting relief did not use either the term "post-conviction" or the term "habeas corpus." Nevertheless, after reading the letter containing petitioner's claims, the circuit court decided that a writ of habeas corpus should issue. In labeling other documents in the proceeding thereafter, petitioner's appointed lawyer followed that court's lead. Later, the name applied to the proceedings shifted somewhat. Petitioner's trial memorandum is couched in post-conviction terminology. A journal entry order memorializing the circuit court judge's dismissal of the case has the words "habeas corpus" crossed out and replaced by the term "post-conviction." The transcript is labeled "post-conviction." As far as this court can determine from the record, the changes in labeling elicited no trial-level comment or confusion.

6.      Most importantly, the circuit court had jurisdiction to hear post-conviction cases,[5] post-conviction claims were raised by the facts, and the court also had jurisdiction over the parties. Petitioner's claim of inadequate assistance of counsel at the 1985 trial and appeal were tried in full at the 1989 trial precipitated by his 1987 letter to the circuit court. If the circuit court has jurisdiction to decide a claim, the mislabeling of the claim does not deprive the court of jurisdiction. *See State ex rel Colo. Dept. of Health v. I.D.I.,* 642 P2d 14 (Colo App 1981) (in determining subject matter jurisdiction, courts must rely on nature and substance of proceeding, not on its name); *Houlihan v. State,* 579 SW2d 213 (Tex Crim App 1979) (form in which matter is presented does not control form of writ by which matter is disposed); *cf. State ex rel Sweere v. Crookham,* 289 Or 3, 609 P2d 361 (1980) (to invoke jurisdiction of the court, party must allege facts to establish

---

before the statute's effective date. *Boone v. Wright,* 314 Or 135, 836 P2d 727 (1992). The effective date of the amendment that imposed the statute of limitations was August 5, 1989. Petitioner was convicted in 1985. Petitioner falls into the category to which the limitation does not apply, and his claim here is not time-barred.

[5] No other court has exclusive jurisdiction over post-conviction, ORS 138.510 to 138.680; thus, the circuit court has jurisdiction over post-conviction claims, Or Const, Art VII (Amended), § 9.

that the court has jurisdiction to act); *Rockwood v. Parrott*, 149 Or 611, 41 P2d 1081 (1935) (courts having jurisdiction of subject matter have jurisdiction to determine issues raised by the pleadings).

This case presents, not a jurisdictional problem, but rather a pleading label problem. The pleadings, although mislabeled, clearly stated claims cognizable in a post-conviction proceeding. The pleadings should be liberally construed as requesting post-conviction relief. ORCP 12.[6] We hold that the case is a post-conviction proceeding notwithstanding the label applied, that the trial court had jurisdiction over it as such, and that, therefore, there is jurisdiction to consider a timely appeal of that court's judgment of dismissal.

The decision of the Court of Appeals is reversed, and the case is remanded to that court for further proceedings.

---

[6] For this purpose, post-conviction is a civil proceeding. ORCP 1 provides that the rules of civil procedure are broadly applicable. ORCP 12 provides:

"A. All pleadings shall be liberally construed with a view of substantial justice between the parties.

"B. The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of an adverse party."

The state does not claim that it was prejudiced by the habeas corpus label.