Argued and submitted April 16, and on respondent's motion to determine jurisdiction filed April 14, and on appellant's response to motion to determine jurisdiction filed April 27, 2009, motion to determine jurisdiction granted; judgment vacated; remanded for entry of judgment dismissing petition for lack of jurisdiction April 14, 2010

### RYAN D. SMITH,
*Petitioner-Appellant,*

*v.*

### Bob JESTER,
Director, Oregon Youth Authority;
and Philippe MacGloire, Superintendent,
Oregon Youth Facility, Grants Pass,
*Defendants-Respondents.*

Josephine County Circuit Court
04CV0270; A135360

228 P3d 1232

Robert Rosenthal argued the cause for appellant. On the briefs were Edward H. Talmadge, Tracy M. McGovern, and Frohnmayer, Deatherage, Pratt, Jamieson, Moore, Armosino & McGovern, P.C.

Kathleen Cegla, Assistant Attorney General, argued the cause for respondents. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kaye E. McDonald, Senior Assistant Attorney General.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

WOLLHEIM, P. J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

## WOLLHEIM, P. J.

This case concerns the authority of the Josephine County Circuit Court to consider a petition for relief from a juvenile court adjudication. The Jackson County Juvenile Court[1] found petitioner to be within its jurisdiction for committing acts that, if committed by an adult, would constitute several felony and misdmeanor offenses. The juvenile court placed petitioner in the custody of the Oregon Youth Authority. On direct appeal, we affirmed the judgment of the juvenile court. *State ex rel Juv. Dept. v. Smith*, 185 Or App 197, 58 P3d 823 (2002), *rev den*, 335 Or 402 (2003).

Thereafter, petitioner filed a pleading entitled "Petition for Post Conviction Relief" (uppercase omitted) in the Josephine County Circuit Court. In proceedings based on that petition, the parties framed the issues within the statutory framework under the Post-Conviction Hearing Act in the criminal code, ORS 138.510 to 138.680. The Josephine County Circuit Court conducted a hearing on that basis. After the hearing, the circuit court issued a general judgment denying the petition.

Petitioner appeals that judgment. On appeal, the state filed a motion to determine whether the *circuit* court in *Josephine* County had jurisdiction to consider a petition for post-conviction relief from a judgment of the *juvenile* court of *Jackson* County. We hold that the Josephine County Circuit Court was not the appropriate court to consider the petition for "post-conviction relief." Consequently, we vacate the judgment of the Josephine County Circuit Court and remand for entry of a judgment dismissing the petition for lack of jurisdiction.

We begin with a brief discussion of the applicable statutory framework. ORS 419C.005(1) provides that the juvenile court has "exclusive original jurisdiction" of any case involving a person under 18 years of age who has committed an act that, if done by an adult, would constitute a violation of the criminal laws of this state. ORS 419C.615 authorizes a

---

[1] We use the term Jackson County Juvenile Court to refer to the Jackson County Circuit Court exercising juvenile court jurisdiction, authority, powers, functions, and duties. ORS 3.260.

youth offender, who has been adjudicated to be within the jurisdiction of the juvenile court, to petition the juvenile court to set aside a jurisdictional order on grounds similar to those that may be alleged in a petition for post-conviction relief. ORS 419C.615 provides, in part:

"(1)   In addition to any other grounds upon which a person may petition a court under ORS 419C.610 [providing authority to the court to modify or set aside orders], a person may petition the court on the following grounds to set aside an order finding the person to be within the jurisdiction of the court under ORS 419C.005:

"(a)   A substantial denial in the proceedings resulting in the person's adjudication, or in the appellate review of the adjudication, of the person's rights under the United States Constitution or the Oregon Constitution, or both, and the denial rendered the adjudication void; or

"(b)   Unconstitutionality of the statute making criminal, if the person were an adult, the acts for which the person was adjudicated.

"(2)   When a person petitions the court on one of the grounds listed in subsection (1) of this section:

"(a)   A copy of the petition shall be served on the district attorney, who shall represent the state in the matter.

"(b)   The court shall decide the issues raised. * * * The petitioner has the burden of proving by a preponderance of the evidence the facts alleged in the petition.

"(c)   The court shall set aside the order finding the petitioner to be within the jurisdiction of the court if the petitioner establishes one of the grounds set forth in subsection (1) of this section."

■■   In contrast, a circuit court has authority to consider petitions for post-conviction relief under the criminal code brought by "any person convicted of a crime under the laws of this state."[2] ORS 138.510(1). When a person has not been

---

[2] The legislature has contemplated amendments to the post-conviction statutes, ORS 138.510 to 138.680, that would have expanded the post-conviction statutes to recognize petitions for relief from juvenile delinquency adjudications. Specifically, HB 2355 (2001) proposed to allow youth offenders who were previously found to be within the jurisdiction of the juvenile court and at least 18 years old to pursue relief under ORS 138.510 to 138.680. The legislature decided not to adopt

convicted of a crime, ORS 138.510(1) is inapplicable. *See State v. Pettypool,* 67 Or App 13, 14, 676 P2d 368 (1984) (a claim for ineffective assistance of counsel for a person who has not been convicted cannot proceed under ORS 138.510(1)). "An adjudication by a juvenile court that a youth is within its jurisdiction is not a conviction of a crime or offense." ORS 419C.400(5).

Thus, in this case, because petitioner was adjudicated to be within the jurisdiction of the Jackson County Juvenile Court, petitioner had not been convicted of any crime or offense, and the Josephine County Circuit Court did not have authority to consider a petition for post-conviction relief under the criminal code, ORS 138.510 to 138.680.

■ Nonetheless, the parties urge this court to reach the merits on appeal. In the state's motion notifying this court of the possibility of a jurisdictional defect, the state proposes that the petition before the Josephine County Circuit Court be construed as having properly raised a claim for relief pursuant to ORS 419C.615(1)(a) and that the reference to "post-conviction" was a mere technical defect in the labeling of the petition. For authority to so construe the proceedings in this case, the state relies on *Mueller v. Benning,* 314 Or 615, 841 P2d 640 (1992). Petitioner concurs with that reasoning. The parties' reliance on *Mueller* is misplaced; *Mueller* does not control the outcome of this case.

The Supreme Court's reasoning in *Mueller* distinguishes between circumstances where a court lacks authority

---

that approach and amended the bill to allow all petitions for relief from juvenile delinquency adjudications, regardless of the age of the petitioner, to seek post-adjudication relief under ORS 419C.615 instead of under ORS 138.510 to 138.680. Then-Assistant Attorney General Livingston explained that amendment:

"Because the juvenile court currently hears and decides ALL petitions for expunction of records, regardless of the age of the petitioner, *see* ORS 419A.262, and because the juvenile court is where the proceeding in question took place, there is no reason why ALL petitions for post-adjudication relief should not be decided by the juvenile court, without regard to whether the person is under 18 or still is within the juvenile court's jurisdiction."

Testimony, House Committee on the Judiciary, Subcommittee on Criminal Law, HB 2355, Jan 30, 2001 (statement of Michael Livingston, Assistant Attorney General) (uppercase in original). HB 2355, as enacted by the legislature, did not provide any age limitation in ORS 419C.615 and did not amend any provisions of ORS 138.510 to 138.680. Or Laws 2001, ch 803.

to consider a case and circumstances where there is a mere technical defect in how a petition for relief is labeled. In *Mueller*, the issue was whether an action identified as a writ for habeas corpus could be construed as a petition for post-conviction relief. The petitioner in *Mueller* complained in a letter to the circuit court about the inadequacy of his representation at trial without using the words "post-conviction" relief or "habeas corpus." 314 Or at 620. The trial court issued a writ of habeas corpus, but the petitioner continued to use post-conviction terminology in the proceedings. The court denied that petition while indicating in the journal entry that the denial was of a petition for "post-conviction" relief. *Id.* at 620.

The Supreme Court explained that the circuit court's mistake in mislabeling the claim for relief was not dispositive given that "the circuit court had jurisdiction to hear post-conviction cases, post-conviction claims were raised by the facts, and the court also had jurisdiction over the parties." *Id.* at 620 (footnote omitted). The court noted that, pursuant to ORCP 12, pleadings should be liberally construed, *id.* at 621, and further observed that "the changes in labeling elicited no trial-level comment or confusion," *id.* at 620.

Unlike the trial court in *Mueller*, the Josephine County Circuit Court in this case did not have general authority to consider this petition for relief under ORS 419C.615. Instead, relief under that statute resides *exclusively* with the Jackson County Circuit Court exercising its juvenile court jurisdiction. ORS 419C.005(1) (subject to an exception not relevant here, "the juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and who has committed an act that is a violation, or that if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city"). Accordingly, even assuming that the Josephine County Circuit Court could have liberally construed the petition as a petition under ORS 419C.615 pursuant to ORCP 12, it lacked authority to act upon that petition.[3]

---

[3] We further note that, unlike in *Mueller*, there was substantial confusion at trial regarding the operative statutory framework. For example, after the state initially did not respond to the petition, petitioner moved for a default judgment. The trial court granted that motion because "ORS 138.610 requires that the respondent/

Authority under ORS 419C.615 resided only in the *Jackson* County Juvenile Court, where the juvenile jurisdictional adjudication took place. ORS 419C.615 authorizes only the juvenile court that issued the original judgment to set it aside. ORS 419C.615(1) provides authority to set aside a judgment "[i]n addition to any other grounds upon which a person may petition a court under ORS 419C.610." ORS 419C.610(1) specifically authorizes a juvenile court to "modify or set aside any order *made by it*." (Emphasis added.) Although that explicit limitation to the issuing court is not provided in ORS 419C.615, ORS 419C.615(2)(a) provides that the petition should be served on the district attorney—not on the Attorney General, whom the petitioner served in this case.[4] That service requirement supports an inference that the legislature intended a petition brought under ORS 419C.615 to be brought in the juvenile court in the county where the jurisdictional hearing was adjudicated.[5]

---

defendant file a pleading within 30 days from the docketing of the petition" and the state had not filed any such responsive documents. ORS 138.610 does not apply to a petition for relief pursuant to ORS 419C.615. The juvenile code does not provide a statutorily defined period of time in which the state must respond to a petition for relief under ORS 419C.615. In addition, ORS 419C.615(2)(b) provides that a court "shall decide the issues raised." ORS 419C.615(2)(c) provides that the court shall set aside a jurisdictional order "if the petitioner establishes one of the grounds set forth in [ORS 419C.615(1)]." Those provisions do not provide for a court's entry of default judgment, and nothing in the record shows that the court decided the issues raised and found that petitioner had established any of the grounds set forth in ORS 419C.615(1).

The confusion of the parties concerning the governing statutory framework continued when the state moved to set aside the order granting default judgment on the basis of excusable neglect pursuant to ORCP 71 B. A motion to set aside an order of the juvenile court is properly brought under ORS 419C.610 and not under ORCP 71 B. The circuit court granted the state's motion. In sum, during the proceedings on petitioner's motion for default judgment and the state's motion to set aside that judgment, neither party moved or presented arguments pursuant to any provisions in the juvenile code.

[4] Petitioner's apparent failure to serve the petition on the district attorney possibly contributed to the state's failure to file a timely appearance. Also possibly contributing to the confusion about this case was petitioner's including the Jackson County Juvenile Court case number and the Court of Appeals case number, but filing the case with the Josephine County Circuit Court and entitling the pleading petition for post-conviction relief.

[5] Other statutes governing the authority of juvenile courts of other counties to act after the juvenile court of one county has begun proceedings also support that inference. *See, e.g.*, ORS 419C.013(2) ("[A]n application for a writ of habeas corpus * * * shall be brought in the county in which the court that entered the order of commitment is located."); ORS 419C.053(1) (limiting the transferability of a

In sum, the Josephine County Circuit Court lacked authority to consider a claim for relief under the post-conviction relief statutes in the criminal code, ORS 138.510 to 138.680, from a juvenile jurisdictional judgment of the Jackson County Juvenile Court.

Motion to determine jurisdiction granted; judgment vacated; remanded for entry of judgment dismissing petition for lack of jurisdiction.

---

juvenile proceeding where a youth offender has been adjudicated within the jurisdiction of the court); ORS 419C.620 ("[T]he Oregon Youth Authority or a private agency having guardianship or legal custody of a youth offender pursuant to court order shall file reports on the youth offender *with the juvenile court that entered the original order concerning the youth offender*." (Emphasis added.)).