Submitted October 7, 2020, reversed and remanded November 4, 2020

In the Matter of J. T.-B.,
aka J. R. T.-B., a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

J. T.-B.,
aka J. R. T.-B.,
*Appellant.*

Multnomah County Circuit Court
16JU04451;
Petition Number 160531304;
A172655

476 P3d 538

In a series of juvenile court cases, youth was found to have committed conduct that, if committed by an adult, would constitute multiple criminal offenses. After adjudication, youth filed a *pro se* motion for appointment of counsel for the purpose of filing a petition in the juvenile court under ORS 419C.615, which the trial court denied. Youth appeals that denial, contending that he has a statutory right to counsel during the post-adjudication process. *Held*: The trial court erred in denying youth's motion for appointment of counsel. Under the juvenile code, youth had a statutory right to counsel that attached at "all stages" of the proceedings on youth's offenses, and the post-adjudication process constituted such a "stage" for purposes of ORS 419C.615.

Reversed and remanded.

Thomas M. Ryan, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Reversed and remanded.

**LAGESEN, P. J.**

In a series of juvenile court cases, youth was found to have committed conduct that, if committed by an adult, would constitute multiple criminal offenses, including second-degree burglary, second-degree criminal trespass, interfering with public transportation, possession of a stolen vehicle, unauthorized use of a motor vehicle, and two counts of second-degree criminal mischief. Youth appealed in each of those cases and, while his consolidated appeal was pending, the juvenile court allowed his trial counsel to withdraw from the cases. This court ultimately affirmed the judgments on appeal without opinion. *State v. J. T.-B.*, 293 Or App 804, 427 P3d 237, *rev den*, 363 Or 744 (2018).

After this court affirmed those judgments, youth filed a *pro se* motion for appointment of counsel for the purpose of filing a petition in the juvenile court under ORS 419C.615, a statute that authorizes petitions analogous to a petition for post-conviction relief—that is, where there has been a substantial denial of the petitioner's constitutional rights in the proceedings resulting in the adjudication or the appellate review of the adjudication.[1] The juvenile court denied youth's motion for the appointment of counsel, ruling that youth's motion "sets forth no authority for appointment of counsel and sets forth no grounds for any motion pursuant to ORS 419C.615."

Youth now appeals that denial, arguing that he has a statutory right to counsel under the juvenile code that attaches at "all stages of the proceeding" involving an alleged offense that is classified as a crime. *See* ORS 419C.200(1)(a)(A) (providing that, "[w]hen a petition is filed under ORS 419C.005, the court *** [s]hall appoint counsel to represent the youth at all stages of the proceeding if

---

[1] ORS 419C.615 provides, in relevant part:

"(1) In addition to any other grounds upon which a person may petition a court under ORS 419C.610, a person may petition the court on the following grounds to set aside an order finding the person to be within the jurisdiction of the court under ORS 419C.005:

"(a) A substantial denial in the proceedings resulting in the person's adjudication, or in the appellate review of the adjudication, of the person's rights under the United States Constitution or the Oregon Constitution, or both, and the denial rendered the adjudication void[.]"

the offense alleged in the petition is classified as a crime"). According to youth, it is clear from the statutory text and context of ORS 419C.615 that the post-adjudication process under that statute is a "stage" of his juvenile court proceeding, so the court erred in denying his motion for appointed counsel.

In response, the state concedes that a petition under ORS 419C.615 is a stage of the juvenile court proceeding and that the juvenile court erred in denying youth's motion. We agree with and accept that concession. Unlike the statutory scheme for seeking post-conviction relief from a criminal judgment entered in circuit court, which contemplates a collateral review proceeding, nothing in the text or context of ORS 419C.615 suggests that the legislature intended that post-adjudication motions would trigger a proceeding separate from the adjudicative proceeding itself. On the contrary, contextual clues indicate the legislature intended that the post-adjudication relief authorized under ORS 419C.615 and the related provision, ORS 419C.610, would involve the juvenile court setting aside its own adjudication that occurred at an earlier stage of the same proceeding. *See* ORS 419C.615(1) ("In addition to *any other grounds upon which a person may petition a court under ORS 419C.610*, a person may petition the court on the following grounds to set aside an order finding the person to be within the jurisdiction of the court under ORS 419C.005 ***." (Emphasis added.)); ORS 419C.610(1) ("Except as provided in ORS 419C.613, 419C.615 and 419C.616, the court may modify or set aside *any order made by it* upon such notice and with such hearing as the court may direct." (Emphasis added.)); *accord Smith v. Jester*, 234 Or App 629, 635, 228 P3d 1232 (2010) ("[T]he legislature intended a petition brought under ORS 419C.615 to be brought in the juvenile court in the county where the jurisdictional hearing was adjudicated."). Accordingly, we agree with the parties that a motion to set aside under ORS 419C.615 is a stage of the juvenile court proceeding and that, under ORS 419C.200, youth was entitled to have his request for counsel granted at that stage.

We further conclude that the juvenile court's perceived deficiencies in the motion—*i.e.*, that it did not cite authority or set forth grounds for relief under ORS

419C.615—did not justify denying it. As youth points out, "the court effectively denied youth counsel because youth had not made a legal showing that he could make only if he had counsel to assist him in doing so."

For those reasons, we reverse and remand for the juvenile court to appoint counsel to represent youth for purposes of filing a petition under ORS 419C.615.

Reversed and remanded.