No. 469 July 3, 2024 629

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. A. B.,
a Youth.
STATE OF OREGON,
*Respondent,*

*v.*

J. A. B.,
*Appellant.*

Lane County Circuit Court
21JU00110; A180395

Bradley A. Cascagnette, Judge.

Submitted June 3, 2024.

Christa Obold Eshleman and Youth, Rights & Justice filed filed the brief for appellant.

Ellen Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this juvenile delinquency case, youth appeals a juvenile court judgment denying his petition to set aside the judgment of jurisdiction. Youth raises one assignment of error, in which he contends that the juvenile court erred in rejecting his single claim for relief under ORS 419C.615 (1)(a).[1] In that claim, youth alleged that he was denied his right to adequate assistance of counsel under Article I, section 11, of the Oregon Constitution, and his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution, because youth's counsel failed to file a motion to suppress incriminating statements that youth made to law enforcement or to otherwise pursue that issue prior to youth agreeing to a plea deal.[2] Reviewing the juvenile court's determinations for legal error and accepting the juvenile court's findings of fact that are supported by the evidence in the record, *State v. C. L. E.*, 316 Or App 5, 6, 502 P3d 1154 (2021),[3] we conclude that the juvenile court did not err in determining that youth was not eligible for post-adjudication relief.

Youth pleaded "admit" to conduct that, if committed by an adult, would amount to third-degree rape, ORS 163.355, as a result of a plea deal with the state. During the investigation leading to the adjudication, youth had made

---

[1] ORS 419C.615 provides, in pertinent part:

"(1) In addition to any other grounds upon which a person may petition a court under ORS 419C.610, a person may petition the court on the following grounds to set aside an order finding the person to be within the jurisdiction of the court under ORS 419C.005:

"(a) A substantial denial in the proceedings resulting in the person's adjudication, or in the appellate review of the adjudication, of the person's rights under the United States Constitution or the Oregon Constitution, or both, and the denial rendered the adjudication void[.]"

[2] The state raises a preservation issue. It contends that youth did not preserve his arguments concerning counsel's advice to youth and counsel's use of the potential for suppression of youth's incriminating statements during plea negotiations. We assume without deciding that those arguments were preserved for the purposes of our review.

[3] Youth requests that we take *de novo* review of this case. We decline to do so, as this is not an exceptional case in which *de novo* review would be appropriate. *See* ORS 19.415(3)(b) (providing this court with discretion to conduct *de novo* review in equitable cases); ORAP 5.40(8)(c) (*de novo* review is appropriate only in exceptional cases).

incriminating statements to law enforcement. Youth made those statements in an interview in which he repeatedly invoked his Fifth Amendment right to remain silent, and the interviewing officer nevertheless continued the interview. Youth petitioned the juvenile court for post-adjudication relief, alleging that his counsel was inadequate and ineffective in failing to file a motion to suppress those incriminating statements before youth accepted the plea offer, and that he was prejudiced by those failures because, but for counsel's deficient performance, he would have pleaded differently or gone to trial. The juvenile court determined that youth did not prove that counsel's performance was deficient and, further, that even a successful motion to suppress youth's statements would not have been "dispositive," and that the plea offer that youth accepted was "a likely favorable outcome that is part of the complex negotiations of plea bargains."

In evaluating whether youth was entitled to post-adjudication relief under ORS 419C.615, "we apply the constitutional standards for inadequate and ineffective assistance of counsel[.]" *C. L. E.*, 316 Or App at 6; *see also State v. J. T.-B.*, 307 Or App 414, 415, 476 P3d 538 (2020) (stating that ORS 419C.615 "authorizes petitions analogous to a petition for post-conviction relief"). To establish inadequate or ineffective assistance of counsel, youth must prove—"by a preponderance of the evidence," ORS 419C.615(2)(b)—both a performance element and a prejudice element. *See Johnson v. Premo*, 315 Or App 1, 8, 499 P3d 814 (2021) (stating the "functionally equivalent" standards for inadequate and ineffective assistance of counsel under the state and federal constitutions).

In this case, youth argues, as he did below, that he was prejudiced because, had counsel moved to suppress youth's statements and been successful, "the balance of the State's evidence against him would have shifted greatly, likely resulting in a more favorable plea offer or a decision by [youth] to go to trial." However, in the state's view, the other evidence in the case—the victim's statements to detention staff and the social media messages between youth and the victim—was sufficient to proceed against youth. The state further contends that "youth received a favorable plea

offer," and did not present any evidence that he would not have taken that offer if counsel had successfully pursued suppression.

We agree with the state. In particular, we agree that youth did not offer evidence that, but for counsel's failure to pursue the issue of the admissibility of youth's statements, youth would have pleaded differently. *See C. L. E.*, 316 Or App at 16 (explaining that "where the adjudication is based on a plea," the youth "must show that but for the inadequate and ineffective assistance, he would have pleaded differently"). Youth did not provide evidence in support of his claim that the strength or ultimate success of a motion to suppress his statements would have impacted his decision whether to accept the state's plea offer. Thus, we conclude that, regardless of whether counsel's failure to move for or otherwise pursue suppression of youth's statements amounted to deficient performance, the juvenile court did not err in determining that youth had failed to prove prejudice, as the record does not establish that any deficiency in counsel's performance led to a less favorable outcome. Therefore, the juvenile court did not err in denying youth's petition to set aside the judgment of jurisdiction.

Affirmed.