Argued and submitted December 2, 1991, jurisdiction affirmed; remanded for entry of corrected order February 12, 1992

In the Matter of Bryan Cruz, a Child.

## STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

## Bryan CRUZ,
*Appellant.*

(54348; CA A69652)

826 P2d 30

Katherine A. Osborn, Portland, argued the cause for appellant. With her on the brief were Julie H. McFarlane and Juvenile Rights Project, Inc., Portland.

Brenda J Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Stephanie S. Andrus, Certified Law Student, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Appellant, a minor, seeks reversal of the juvenile court's order that found him "guilty" of two counts of sexual abuse in the first degree and one count of rape in the first degree. Alternatively, he seeks a remand to the trial court for an order consistent with ORS 419.476. We review *de novo*. ORS 19.125(3).

Appellant argues that the court erred in finding that the allegations had been proven beyond a reasonable doubt, because the victim gave contradictory and inconsistent testimony concerning the facts and should not be believed. At the end of the hearing, the trial court said:

> "I don't know that it serves any purpose for me to comment on the evidence other than to say that I believe the testimony of [the victim]. I find it credible in all of the significant respects that bear on this case and find beyond a reasonable doubt that [appellant] is guilty of the three charges alleged in the petition, two counts of Sexual Abuse in the First Degree and one count of Rape in the First Degree."

This case turns on the credibility of the victim. Appellant argues that, because he is not afforded the protection of a jury trial, we must perform *de novo* review with great care. That is our practice. In particular, appellant argues, we must independently assess the credibility of witnesses and not simply defer to the assessment of the trial court. As a practical necessity, we give some deference to the trial court's findings on credibility when they depend on the opportunity to see and hear the witnesses. *McCoy and McCoy*, 28 Or App 919, 924, 562 P2d 207 (1977). In this case, the victim's testimony is inconsistent in minor details such as what clothes she was wearing at the time of the assaults three or four years before the hearing. Her testimony is largely consistent as to the nature of the assaults. This is a case where the demeanor of the witness is of pivotal importance to a credibility determination. After careful review of the hearing transcript, we conclude that the substance of the witness' testimony is not so contradictory that a reasonable person would doubt her veracity, and we will therefore defer to the credibility determination of the trial court. We hold that the charges against appellant were proven beyond a reasonable doubt.

Appellant's second assignment is that the trial court erred in entering a finding of "guilty" rather than one that he is within the jurisdiction of the juvenile court by reason of acts which, if committed by an adult, would constitute crimes. ORS 419.476(1)(a). The state concedes that the form of the court's "Order and Disposition" is incorrect. We therefore remand to allow the trial court to enter an order consistent with ORS 419.476(1)(a).

Jurisdiction affirmed; remanded for entry of corrected order.