On respondent's motion for reconsideration filed November 17, 1993, reconsideration allowed; opinion (124 Or App 34, 860 P2d 902 (1993)) modified and adhered to as modified February 2, 1994

In the Matter of
Brook Clayton Beyea, aka Mike, a Male Child.

## STATE ex rel JUVENILE DEPARTMENT OF COOS COUNTY,
*Respondent,*

*v.*

## Brook Clayton BEYEA,
aka Mike,
*Appellant.*

(J4167; CA A72215)

867 P2d 565

Appeal from Circuit Court, Coos County.

Richard L. Barron, Judge.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, for motion.

No appearance *contra*.

Before Deits, Presiding Judge, and Riggs and De Muniz, Judges.

DEITS, P. J.

**DEITS, P. J.**

The state moves for reconsideration of our opinion, 124 Or App 34, 860 P2d 902 (1993), in which we did not address child's argument that the state did not prove beyond a reasonable doubt that child committed acts that, if committed by an adult, would have constituted sodomy in the second degree, ORS 163.395, and sexual abuse in the second degree, ORS 163.415. In our opinion, we concluded that it was unnecessary to address those arguments because we had already determined that child was properly within the jurisdiction of the juvenile court for committing acts that, if committed by an adult, would have constituted attempted rape in the second degree. ORS 163.365(1). The state argues that by not addressing child's challenges on the remaining two charges, we may have affected the length of time that the juvenile court may retain jurisdiction of child, because the duration of the juvenile court's jurisdiction may not exceed the maximum term of incarceration that could have been imposed for commission of the act by an adult. ORS 419.511(1). We agree with the state that we should have addressed child's arguments regarding each of the three separate acts for which he was committed to the juvenile court's jurisdiction. We allow reconsideration for that purpose.

■■ Child argues that the state did not prove beyond a reasonable doubt that he committed acts that, if committed by an adult, would have constituted sodomy in the second degree. ORS 163.395(1) provides that "[a] person who engages in deviate sexual intercourse with another person * * * commits the crime of sodomy in the second degree if the victim is under 14 years of age." "Deviate sexual intercourse" is defined as "sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another." ORS 163.305(1). Here, the victim, who was 13 years old at the time of the alleged acts, testified that child put his tongue in her vagina. Child's sole argument is that the victim's testimony is not credible, because a witness for the defense testified that the victim is untruthful. The juvenile court judge, who had an opportunity to view the demeanor of the witnesses, determined that the victim was credible. Although we review the evidence *de novo*, we give

some deference to the credibility determinations made by the trial court when they are made in circumstances such as these. *State ex rel Juv. Dept. v. Cruz*, 111 Or App 216, 826 P2d 30 (1992). We conclude that the evidence proves beyond a reasonable doubt that child committed acts that, if committed by an adult, would have constituted sodomy in the second degree.

■ Child also argues that the state did not prove beyond a reasonable doubt that he committed acts that, if committed by an adult, would have constituted sexual abuse in the second degree. ORS 163.415.[1] At the time of the alleged acts, ORS 163.415 provided that a person commits the crime of sexual abuse in the second degree if the person subjects another person to sexual contact and the victim is incapable of consent by reason of being under 18 years of age. "Sexual contact" is defined as "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party." ORS 163.305(6). Here, child admitted that he fondled the victim's breasts and the victim testified that child had additional sexual contact with her. The evidence in this case convinces us beyond a reasonable doubt that child committed acts that, if committed by an adult, would have constituted sexual abuse in the second degree. We, therefore, conclude that child committed acts that, if committed by an adult, would have constituted sodomy in the second degree and sexual abuse in the second degree.

Reconsideration allowed; opinion modified and adhered to as modified.

---

[1] The statute has since been amended to provide that a person commits sexual abuse in the *third* degree if the person subjects another person to sexual contact and the victim is incapable of consent by reason of being under 18 years of age. Or Laws 1991, ch 830, § 1.