Argued and submitted June 16, 1993, affirmed August 10, 1994

In the Matter of
Kitt, Christopher, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Christopher KITT,
*Appellant.*

(9008-311040, 9011-83110; CA A75991 (Control), A75992)
(Cases Consolidated)

879 P2d 1348

George D. McDowell argued the cause for appellant. On the brief were Theodore M. Brindle and McKeown & Brindle, P.C.

Robert R. Graves, Certified Law Student, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

HASELTON, J.

---

* Haselton, J., *vice* Durham, J.

## HASELTON, J.

■ Defendant child appeals an order finding him within the jurisdiction of the juvenile court for acts which, if committed by an adult, would constitute rape in the first degree and rape in the second degree. ORS 163.375; ORS 163.365. We review *de novo*, ORS 419A.200(5); ORS 19.125(3), and affirm.

The court's findings were based on acts that occurred on two separate occasions with different victims. We first address child's contention that there was insufficient evidence to prove that he committed rape in the first degree. ORS 163.375.[1] In particular, child argues that the court erred in finding that the sexual intercourse was not consensual.

On March 26, 1992, child had sexual intercourse with Kelly, a 15-year-old girl, while she was bound to a bed post. Kelly testified that she did not consent to being tied up or to having sexual intercourse. The court found that there was not a consensual sexual relationship and that there was forcible compulsion. After reviewing the record, we agree that the evidence established beyond a reasonable doubt that child committed the equivalent of rape in the first degree.

■ Child next argues that he could not be adjudicated to have committed rape in the second degree, ORS 163.365, because he was less than three years older than Amanda, the 13-year-old victim. The success of this argument turns on the interplay of ORS 163.365, ORS 163.315, and ORS 163.345(1).

ORS 163.365(1) provides:

> "A person who has sexual intercourse with another person commits the crime of rape in the second degree if the other person is under 14 years of age."

---

[1] ORS 163.375(1) provides, in part:

"A person who has sexual intercourse with another person commits the crime of rape in the first degree if:

"(a) The victim is subjected to forcible compulsion by the person[.]"

ORS 163.305(2) provides:

" 'Forcible compulsion' means physical force that overcomes earnest resistance; or a threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person, or in fear that the person or another person will immediately or in the future be kidnapped."

ORS 163.315 provides, in part:

> "A person is considered incapable of consenting to a sexual act if the person is:
>
> "(1)   Under 18 years of age[.]"

ORS 163.345(1) provides:

> "In any prosecution under * * * ORS 163.365 * * * in which the victim's lack of consent was due *solely to incapacity to consent by reason of being less than a specified age*, it is a defense that the actor was less than three years older than the victim at the time of the alleged offense." (Emphasis supplied.)

Child engaged in intercourse with Amanda, a person under 14 years of age. He argues, however, that under ORS 163.345(1), the fact that he was less than three years older than Amanda vitiates any lack of consent and, thus, affords a complete defense to adjudication under ORS 163.365.

Child's reading of ORS 163.345(1) is overbroad. That statute provides a defense when the alleged lack of consent is based solely on incapacity due to the victim's age. Nothing more. It is inapposite when there is an *actual* lack of consent.

Thus, a person less than three years older than the victim can be convicted, or adjudicated, of rape in the second degree if there was an actual lack of consent. After carefully reviewing the record *de novo*, and giving appropriate weight to the trial court's express determinations of witness credibility,[2] we find that the evidence proves Amanda's actual lack of consent beyond a reasonable doubt. The court did not err in finding child within its jurisdiction.

Affirmed.

---

[2] *See State ex rel Juv. Dept. v. Cruz*, 111 Or App 216, 218, 826 P2d 30 (1992). Child objects to some of the bases for the court's credibility determination. However, credibility is ultimately determined by evaluating a number of factors. *See Brunswick v. Rundell*, 126 Or App 582, 586, 869 P2d 886 (1994).