Argued and submitted December 6, 1993, affirmed May 4, 1994

# RONALD L. PERRY,
*Appellant,*

*v.*

# Carlton ZENON,
Superintendent,
Oregon State Correctional Institution,
*Respondent.*

(93C11615; CA A80211)

874 P2d 89

Garrett A. Richardson, Multnomah Defenders, argued the cause and filed the brief for appellant.

Youlee Yim You, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R.

Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

RIGGS, J.

---

* Haselton, J., *vice* Durham, J.

### RIGGS, J.

Plaintiff appeals from a judgment denying his petition for a writ of *habeas corpus*. ORS 34.710; ORS 34.370(6). We affirm.

■ Plaintiff filed a petition for *habeas corpus* alleging that his confinement was illegal under ORS 34.360. The court *sua sponte* denied the petition. The state concedes that a *sua sponte* denial under ORS 34.370(6) was improper,[1] but argues that the error was harmless. In *Allen v. Maass*, 124 Or App 195, 859 P2d 1205 (1993), we held that a court's improper *sua sponte* dismissal of a *habeas corpus* petition alleging claims that could have been addressed on direct appeal or in post-conviction proceedings was harmless error. 124 Or App at 196. Likewise here, the alleged error in plaintiff's sentence could have been challenged on direct appeal or in a post-conviction proceeding, and the error was harmless.

■ Plaintiff argues, however, that the proper course would have been for the court to convert his *habeas corpus* petition into a petition for post-conviction relief, relying on *Mueller v. Benning*, 314 Or 615, 841 P2d 640 (1992). *Mueller* involved an inmate who wrote a letter to a circuit court judge complaining about defects at his trial. The judge ordered that a writ of *habeas corpus* be issued, and the case proceeded as such without objection by the state. After a trial on the merits, the court entered a judgment denying the petitioner's petition for writ of *habeas corpus*. However, the petitioner's trial memorandum was couched in post-conviction terminology, a journal entry order memorializing the circuit court's dismissal of the case had the words *"habeas corpus"* crossed out and replaced by the term "post-conviction" and the transcript was labelled "post-conviction." On appeal in *Mueller*, the state argued that the trial court lacked jurisdiction over the *habeas corpus* claim because, by statute, post-conviction was the petitioner's only remedy. We agreed and

---

[1] A petition for *habeas corpus* may challenge either the authority for confinement under ORS 34.360, or the conditions of confinement. ORS 34.362. Under ORS 34.370(6), a court can deny *sua sponte* only petitions that challenge conditions of confinement. ORS 34.370(6) provides:

"The court may, on its own motion, enter a judgment denying a meritless petition brought under ORS 34.362."

did not reach the merits of the petitioner's assignments of error. The Supreme Court reversed and held only that the trial court did not err when it heard a properly cognizable post-conviction claim that was mislabelled by the court as a petition for *habeas corpus*. However, the court did not hold that every *habeas corpus* petition that alleges post-conviction claims *must* be converted into a post-conviction petition.

Plaintiff suggests that the trial court should have converted his *habeas corpus* petition into a post-conviction petition, because he may have been prejudiced by the running of the post-conviction statute of limitations, ORS 138.510 (*since amended* by Or Laws 1993, ch 517, § 1). However, plaintiff has demonstrated no prejudice. The mere possibility of prejudice does not entitle plaintiff to relief. Additionally, he failed to allege the minimum facts necessary for a petition for post-conviction relief under ORS 138.580.[2] Plaintiff gives no other reason why the court should have converted his *habeas corpus* petition into one for post-conviction relief, and we are not willing to say that the court erred in failing to convert it.

Affirmed.

---

[2] ORS 138.580 provides that a petition for post-conviction relief must

"identify the proceedings in which petitioner was convicted and any appellate proceedings thereon, give the date of entry of judgment and sentence complained of and identify any previous post-conviction proceedings that petitioner has undertaken to secure a post-conviction remedy, whether under ORS 138.510 to 138.680 or otherwise, and the disposition thereof. The petition shall set forth specifically the grounds upon which relief is claimed, and shall state clearly the relief desired."