Submitted on record and briefs January 14, affirmed March 20, petition for review denied May 20, 2003 (335 Or 422)

PHILLIP M. BATES,
*Appellant,*

*v.*

Stan CZERNIAK,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

01C-17475; A116288

66 P3d 519

Phillip M. Bates, *pro se*. Andy Simrin filed appellant's supplemental brief.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

Plaintiff appeals from a judgment dismissing his petition for a writ of habeas corpus. ORS 34.310 - 34.730. Because we hold that the trial court did not commit error apparent on the face of the record when it failed to, *sua sponte*, treat plaintiff's petition for a writ of habeas corpus as a petition for post-conviction relief, we affirm.

The relevant facts are undisputed. In September 2001, plaintiff filed a petition for a writ of habeas corpus. The petition alleged that his 1987 guilty plea was "not knowingly, intelligently, and voluntarily made" because he was misled by his trial counsel and the trial court regarding the way that the length of his prison sentence would be established. At the same time, he filed an affidavit of indigency and motions for deferral of fees, to proceed *in forma pauperis*, and for appointment of counsel. The court granted the motion for deferral of fees and authorized the filing of plaintiff's petition. It did not, however, respond to his motion for appointment of counsel.

■ ■ Defendant superintendent responded in the trial court by filing a motion to deny the issuance of the writ of habeas corpus, arguing that, although his claim could be brought in a petition for post-conviction relief, plaintiff was precluded from seeking habeas corpus relief. Plaintiff countered, stating that he was "unable to challenge his conviction through a petition for post-conviction relief because he [was] beyond the two year statutory filing deadline to do so." The trial court entered a judgment of dismissal without prejudice, stating:

> "Plaintiff challenges the lawfulness of his criminal conviction(s) and the proceeding on which it (they) was (were) based. A petition for post conviction relief is the exclusive means for challenging the lawfulness of a criminal conviction and the proceedings on which it was based. ORS 138.510 - 138.680. An individual may not avail himself of habeas corpus relief for this purpose. * * * Plaintiff fails to allege facts sufficient to require the immediate judicial scrutiny of the court."

On appeal, plaintiff makes two arguments, neither of which was preserved before the trial court. First, he argues

that the trial court erred by failing to treat the petition for writ of habeas corpus as a petition for post-conviction relief. Second, he argues that the trial court erred because, if it had treated his petition as a petition for post-conviction relief, it would have been required to appoint counsel for him. Because plaintiff failed to preserve the arguments he now raises, we will address them only if the trial court committed plain error under ORAP 5.45:[1]

> "An appellate court may review unpreserved error as plain error if (1) it is an error of law, (2) the error is 'obvious and not reasonably in dispute,' and (3) it appears ' "on the face of the record," *i.e.,* the reviewing court * * * need [not] go outside the record to identify the error or choose between competing inferences,' and the facts constituting the error are irrefutable."

*State v. Reyes-Camarena,* 330 Or 431, 435, 7 P3d 522 (2000) (quoting *Ailes v. Portland Meadows, Inc.,* 312 Or 376, 381-82, 823 P2d 956 (1991)) (omission in original; alteration in original).

As to his first assignment of error, plaintiff concedes that "his petition did not allege grounds for habeas corpus relief but stated a claim for post-conviction relief instead." He argues, however, that under the Supreme Court's decision in *Mueller v. Benning,* 314 Or 615, 841 P2d 640 (1992), it should have been apparent to the trial court that his petition in fact requested post-conviction relief. In *Mueller* the court held that, although a pleading might be mislabeled as a petition for habeas corpus, where it clearly stated claims for post-conviction relief, the trial court had jurisdiction to hear the case. 314 Or at 621. According to plaintiff, there is no reasonable dispute that the trial court should have treated his petition as requesting post-conviction relief in light of *Mueller.*

We are unpersuaded by plaintiff's assertion. In *Perry v. Zenon,* 127 Or App 682, 685, 874 P2d 89 (1994), we said

---

[1] The requirement of preservation in the trial court as a prerequiste to appellate review affords the opportunity to the opposing party to be heard in the trial court regarding the issues raised on appeal and for the trial court to rule, thereby promoting efficient judicial administration. *Davis v. O'Brien,* 320 Or 729, 737, 891 P2d 1307 (1995); *State v. Brown,* 310 Or 347, 356, 800 P2d 259 (1990); *Shields v. Campbell,* 277 Or 71, 77-78, 559 P2d 1275 (1977).

that the *Mueller* court "did not hold that every habeas corpus petition that alleges post-conviction claims *must* be converted into a post-conviction petition." (Emphasis in original.) We explained that *Mueller* holds only that a trial court does not err when it hears a properly cognizable post-conviction claim that has been mislabeled as a petition for habeas corpus. 127 Or App at 685. Nothing in *Mueller* compels a trial court to convert a petition for habeas corpus into a petition for post-conviction relief, particularly on its own initiative. Because the trial court was not required to treat plaintiff's petition as requesting post-conviction relief, there is no error apparent on the face of the record in that regard.

■ In light of our disposition of plaintiff's first assignment of error, plaintiff cannot succeed in his argument that the trial court committed error apparent on the face of the record in failing to appoint counsel to represent him. Plaintiff argues that, under ORS 138.590(4),[2] the trial court was required to appoint counsel for him and that the trial court's failure to respond to the mandate of the statute is error apparent on the record. However, as we have just held, the trial court was under no legal obligation to convert plaintiff's petition for a writ of habeas corpus into a petition for post-conviction relief. It follows that the premise to his argument, that he filed a petition for post-conviction relief, is lacking and that no obligation under ORS 138.590(4) was ever triggered.

■ Also, to the extent that plaintiff argues that it was apparent error for the trial court to fail to respond to his motion for appointment of counsel in light of his petition for a writ of habeas corpus, ORS 34.355 authorizes but does not require a court to appoint counsel for an indigent plaintiff in a habeas corpus case.[3] *Bedell v. Schiedler*, 307 Or 562, 569,

---

[2] ORS 138.590(4) applies in post-conviction relief cases and provides:

"In the order to proceed as an indigent person, the circuit court shall appoint suitable counsel to represent petitioner. Counsel so appointed shall represent petitioner throughout the proceedings in the circuit court."

This court, held in *Kumar v. Schiedler*, 128 Or App 572, 576, 876 P2d 808, *rev den*, 316 Or 142 (1993), that under the statute, in a post-conviction case, the "disposition of the motion to appoint counsel is preliminary to any disposition of the petition." (Internal quotation marks omitted.) Thus, according to petitioner, the trial court's obligation to appoint counsel was clear in this case.

[3] ORS 34.355 states:

770 P2d 909 (1989). Habeas corpus is a civil proceeding. Article I, section 11, of the Oregon Constitution guarantees appointment of counsel only in criminal cases. Moreover, "[n]o Oregon statute guarantees the appointment of counsel for an indigent habeas corpus plaintiff." *McClure v. Maass*, 110 Or App 119, 125, 821 P2d 1105 (1991), *rev den*, 313 Or 74 (1992) (footnote omitted). Consequently, the trial court was neither required to treat plaintiff's petition as a petition for post-conviction relief, nor was it required to appoint counsel when the petition before it sought habeas corpus relief.

Affirmed.

---

"If counsel is appointed by a court to represent, in an initial proceeding by habeas corpus or on appeal as provided in ORS 34.710, a person who is imprisoned or otherwise restrained of liberty by virtue of a charge or conviction of a crime and who is unable to afford counsel, the court shall determine and allow compensation for counsel and costs and expenses of the person in the proceeding or on appeal."