Argued and submitted September 21, 2022, judgment dismissing writ of habeas corpus vacated and remanded April 26. 2023

ADAM STELTZ,
*Plaintiff-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
20CV30653; A175037

529 P3d 284

In this appeal from a judgment dismissing a petition for writ of habeas corpus, plaintiff claims the habeas court abused its discretion by denying his motion to appoint counsel to assist his petition. Plaintiff filed this petition alleging several defects in his underlying criminal trials and denial of medical treatment. Along with the petition, plaintiff filed a motion to have counsel appointed for his habeas action. The habeas court dismissed the petition but did not rule on the motion to appoint counsel. *Held*: Although the decision to appoint counsel is committed to the discretion of the habeas court, a court can abuse its discretion by failing or refusing to exercise its discretion. In this case, the record contains no information to infer that the habeas court considered the motion, thus the Court of Appeals concluded that the habeas court abused its discretion by failing to rule on the motion.

Judgment dismissing writ of habeas corpus vacated and remanded.

Erin K. Landis, Judge.

Harrison Latto argued the cause and filed the briefs for appellant.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Judgment dismissing writ of habeas corpus vacated and remanded.

## PAGÁN, J.

In this appeal from a judgment dismissing a petition for writ of habeas corpus, plaintiff assigns error to the habeas court's denial of his motion to appoint counsel to assist his petition. Although we agree with defendant that, in general, a person seeking habeas corpus is not guaranteed assistance of counsel by statute or constitution, because the record in this case does not demonstrate that the habeas court exercised its discretion with respect to the motion to appoint counsel, we vacate the judgment and remand for further proceedings.

To begin, we are not addressing the merits of plaintiff's various claims for habeas relief. Although we briefly describe those claims here, we do so only for context. The relevant facts of this case are procedural.

In August 2020, plaintiff sought habeas relief, alleging what we understand to be defects in several criminal cases underlying his current imprisonment, as well as denial of medical treatment for kidney pain, bone pain, and abnormal back conditions. Along with the petition for habeas corpus, plaintiff also filed a "Motion for Appointment of Counsel" pursuant to ORS 34.355 and ORS 34.365, supported by plaintiff's trust account statement.

The court ordered defendant to show cause why the writ of habeas corpus should not issue. Defendant later requested an extension to reply due to "attorney error." The extension was granted. In its response, defendant argued that post-conviction relief, not habeas corpus, was the exclusive remedy for addressing the alleged defects in the underlying criminal cases. Moreover, defendant argued that plaintiff's claims for medical care "fail to state a claim for relief," because they did not allege that defendant was failing to treat serious medical needs.

The habeas court specifically found that the majority of the petition was "unintelligible," the claims attacking prior criminal proceedings were barred by ORS 138.540, and that the claims for medical care did not allege what treatments were being denied or allege deliberate indifference to serious medical needs. Neither the order nor the

general judgment dismissing the petition for habeas relief addressed plaintiff's motion for appointment of counsel.

About two weeks later, plaintiff again filed a motion for counsel "for help of fileing [*sic*] an amended complaint for habeas. I asked for this at the time of fileing," and included a declaration in support, referencing a previous habeas action. The habeas court did not address the second motion for appointment of counsel.

At issue in this appeal is the habeas court's discretion under statute to appoint an attorney. In relevant part, ORS 34.355 provides:

> "If counsel is appointed by a court to represent, in an initial proceeding by habeas corpus or on appeal as provided in ORS 34.710, a person who is imprisoned or otherwise restrained of liberty by virtue of a charge or conviction of crime and who is determined to be financially eligible for appointed counsel at state expense, the public defense services executive director shall determine compensation for counsel and costs and expenses of the person in the proceeding or on appeal."

We have interpreted ORS 34.355 as providing "discretionary and implicit authority" for the court to appoint counsel for indigent petitioners in habeas cases. *Combs v. Baldwin*, 161 Or App 270, 276, 984 P2d 366 (1999). We recognized that authority as discretionary because neither the Oregon Constitution nor the United States Constitution guarantees counsel in habeas cases, which are at their core, civil proceedings. *Id.* at 275.

The consequence of the discretionary authority provided to the habeas court is that we, as an appellate court, will not disturb the lower court's ruling on a motion to appoint counsel if that decision is within the spectrum of legally permissible rulings on the matter. *See State v. Pilon*, 321 Or App 460, 466, 516 P3d 1181 (2022). A trial court can also abuse its discretion when a "decision is not supported by reason and evidence or when a court fails to exercise its discretion or to consider all relevant circumstances in making its decision." *State v. Farmer*, 210 Or App 625, 640, 152 P3d 904, *rev den*, 342 Or 645 (2007); *see also State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) ("The judge errs if the

judge fails to exercise discretion, refuses to exercise discretion or fails to make a record which reflects an exercise of discretion.").

In this case, the record shows that plaintiff filed the request for appointment of counsel contemporaneously with his petition for habeas corpus relief. From that information, all we can reliably infer is that the habeas court abused its discretion by failing to or refusing to exercise its discretion to appoint counsel for plaintiff or to deny the motion.

Defendant contends that controlling law already explains that a trial court is not required to consider or respond to a motion for appointment of counsel in habeas cases. *See Bates v. Czerniak*, 187 Or App 8, 12-13, 66 P3d 519, *rev den*, 335 Or 422 (2003). We disagree. In *Bates*, we concluded that it was not plain error for the trial court to fail to respond to a motion for appointment of counsel in a habeas petition. *Id.* However, for several reasons, *Bates*, although nominally discussing ORS 34.355, was not addressing the same question that we address today and is therefore not dispositive of this case. In *Bates*, the specific question was whether the trial court erred when it failed to *sua sponte* convert the plaintiff's habeas action to a post-conviction relief (PCR) action. 187 Or App at 10. We concluded that because the trial court was not required to treat the plaintiff's habeas action as a PCR action, any error in failing to do so was not plain. *Id.* at 12. As a consequence, because there was no obligation to treat the petition as a PCR action, there was no concomitant obligation to appoint counsel, as required under the PCR statutes. *Id.* We then considered whether the plaintiff's argument for appointment of counsel under the PCR statutes could have alternatively been considered as plain error in the habeas context and concluded any error under the habeas statutes was not plain. *Id.* at 13.

We reject defendant's contention that plaintiff did not preserve his claim with respect to his motion to appoint counsel. We were not asked in *Bates* to consider whether filing a motion for appointment of counsel was sufficient to preserve the issue for appellate review, and thus analyzed it only for plain error. But in the context of habeas corpus

petitions, and the statutory time frames for the court and defendant to respond, a plaintiff is generally afforded no other opportunity to raise the issue. *See* ORS 34.370 (establishing time for rulings on habeas actions). And owing to the speed with which a writ of habeas corpus triggers judicial scrutiny, motion practice other than a motion to strike under ORS 34.680 is inappropriate in habeas actions. *Bedell v. Schiedler*, 307 Or 562, 566, 770 P2d 909 (1989). Although plaintiff filed only the single motion for appointment of counsel with the court prior to the judgment, he was presented no other opportunity to raise the issue, nor did he have an opportunity to object to any procedural defect. *Cf. Peeples v. Lampert*, 345 Or 209, 224, 191 P3d 637 (2008) (the petitioner did not request findings despite at least two opportunities to do so, thus claimed procedural error was unpreserved); *Jaimez v. Rosales*, 323 Or App 741, 743, 525 P3d 92 (2023) (failure to request findings for matter of court discretion foreclosed appellate review of alleged procedural defect). And although the error plaintiff assigned in this case is procedural, as opposed to substantive, sometimes procedural defects are excused from traditional preservation requirements.[1] *See, e.g.*, *State v. McLaughlin*, 307 Or App 368, 369, 476 P3d 987 (2020) (preservation not required when error appeared for first time in the judgment); *State v. Rhamy*, 294 Or App 784, 785, 431 P3d 103 (2018) (same).

In this case the habeas court was presented with a motion to appoint counsel at the time plaintiff filed the writ of habeas corpus. Plaintiff renewed that request after the court entered judgment on the petition.[2] Thus, the court

---

[1] Our cases addressing abuse of discretion distinguish procedural errors from substantive errors. For instance, a trial court could award attorney fees that were substantively permissible, but without making special findings—a procedural error. Absent preservation of the procedural error, we would typically not review a claimed procedural error. *See, e.g.*, *Jaimez*, 323 Or App at 743. This case does not lend itself to such distinction between procedural and substantive errors, in part because ORS 34.355 does not provide a mechanism for a litigant to request findings as does ORCP 68 C, and in part because the habeas court did not create even the minimally adequate record required for substantive appellate review.

[2] At oral argument on appeal defendant suggested that the later motion to appoint counsel was irrelevant, because plaintiff had no right to amend the petition. We express no opinion on whether plaintiff could have amended the petition or moved for reconsideration after the court issued judgment but note that plaintiff could have amended the petition under ORCP 23 A before defendant's

was presented with a motion that required an exercise of discretion. To be sure, plaintiff was not entitled to have an attorney *appointed*, but he was entitled to a ruling with sufficient explanation on the record in response to his motion to appoint counsel. *See Mayfield*, 302 Or at 645. Failure to rule on the motion was an abuse of discretion by the habeas court. *Id*. We therefore vacate the judgment and remand for the habeas court to rule on the motion and make a record of its exercise of discretion. *See State v. Kacin*, 237 Or App 66, 73, 240 P3d 1099 (2010) (trial court "must *** supply enough information to enable appellate courts to engage in meaningful review of the court's exercise of discretion").

Judgment dismissing writ of habeas corpus vacated and remanded.

---

response, or after defendant's response with consent of defendant or with leave of the court before the court issued judgment. *See Taylor v. Peters*, 274 Or App 477, 480 n 5, 361 P3d 54 (2015), *aff'd*, 360 Or 460, 383 P3d 279 (2016) (noting that had the defendant raised a certain argument below, the plaintiff "may have been able to amend the petition under ORCP 23 to make the necessary allegations").