No. 229 April 10, 2024 817

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JUSTIN RAY DODD,
*Plaintiff-Appellant,*

*v.*

Jeremy BEAUMONT,
Superintendent,
Warner Creek Correctional Facility,
*Defendant-Respondent.*

Lake County Circuit Court
22CV40024; A180533

David M. Vandenberg, Judge.

Submitted March 6, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Plaintiff appeals from a judgment dismissing his petition for a writ of habeas corpus. In that petition, plaintiff claimed that his conviction and sentence were unlawful and that he could not seek post-conviction relief because such a claim would be untimely. The trial court rejected his claims, concluding that the claims were "not properly the subject matter for" habeas corpus. We affirm.

Plaintiff argues that, under *Mueller v. Benning*, 314 Or 615, 621, 841 P2d 640 (1992), the trial court should have treated his petition for a writ of habeas corpus as "mislabeled claims for post-conviction relief" and applied the analytical framework for post-conviction claims. We disagree that *Mueller* required the trial court to do so. To be sure, *Mueller* stands for the proposition that a court "d[oes] not err when it hear[s] a properly cognizable post-conviction claim that [has been] mislabeled by the court as a petition for habeas corpus." *Perry v. Zenon*, 127 Or App 682, 685, 874 P2d 89 (1994) (so describing the holding in *Mueller*). That said, "[n]othing in *Mueller* compels a trial court to convert a petition for habeas corpus into a petition for post-conviction relief, particularly on its own initiative." *Bates v. Czerniak*, 187 Or App 8, 12, 66 P3d 519, *rev den*, 335 Or 422 (2003). That holds particularly true when, as here, the petition for habeas corpus relief expressly acknowledged that the claim could not be brought as a post-conviction claim. Given that the trial court was under no obligation to *sua sponte* convert plaintiff's habeas petition into one for post-conviction relief, we cannot conclude that it erred in not doing so.

Affirmed.