No. 684 September 25, 2024 255

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ROGER JAMES SANDERS,
*Plaintiff-Appellant,*

*v.*

Joshua HIGHBERGER,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
23CV51052; A183604

Courtland Geyer, Judge.

Submitted August 9, 2024.

Corbin Brooks and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Judgment dismissing writ of habeas corpus vacated and remanded.

**EGAN, J.**

In this appeal from a judgment dismissing a *pro se* petition for a writ of habeas corpus, plaintiff assigns error to the court's failure to address his motion for appointment of counsel. Defendant concedes the error. We agree with and accept the concession. We vacate the judgment and remand for the habeas court to rule on the motion for appointment of counsel.

Under ORS 34.355, courts have discretionary and implicit authority to appoint counsel for indigent petitioners in habeas cases. *Steltz v. Cain*, 325 Or App 560, 562, 529 P3d 284 (2023). Here, when plaintiff filed his habeas petition, he also filed a motion for appointment of counsel. The court issued an order to show cause why the writ should not be allowed, and defendant moved to deny the petition arguing that it failed to allege facts giving rise to a cognizable habeas claim. The habeas court issued a letter opinion granting defendant's motion, determining that there were no allegations of on-going abuse, and that the allegations were conclusory. The habeas court subsequently entered an order granting defendant's motion, and it entered a general judgment of dismissal. However, there is no indication that the court considered or ruled on the motion for appointment of counsel.

As we explained in *Steltz*, 325 Or App at 565, when plaintiffs file motions to appoint counsel in habeas cases, they are not entitled to have an attorney appointed, but they are entitled to "a ruling with sufficient explanation on the record in response to" the motion. That did not occur here. Therefore, like in *Steltz*, we vacate the judgment of dismissal and remand for the habeas court to rule on the motion for appointment of counsel and make a record of its exercise of discretion.[1]

Judgment dismissing writ of habeas corpus vacated and remanded.

---

[1] Given our disposition on the first assignment of error, we decline to reach the second and third assignments, in which plaintiff argues that the habeas court erred in dismissing the petition and in failing to provide him with an opportunity to amend.