784                  October 30, 2024                  No. 782

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SHANE VONDEL MICHAEL GREENE,
*Plaintiff-Appellant,*

*v.*

David PEDRO,
Superintendent,

Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
23CV36724; A182914

Eva J. Temple, Judge.

Submitted September 13, 2024.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Judgment dismissing writ of habeas corpus vacated and remanded.

**EGAN, J.**

In this appeal from a judgment denying a *pro se* petition for a writ of habeas corpus and dismissing the case, plaintiff assigns error to the court's failure to address his motion for appointment of counsel. Defendant concedes the error. We agree with and accept the concession. We vacate the judgment and remand for the habeas court to rule on the motion for appointment of counsel.[1]

Under ORS 34.355, courts have discretionary and implicit authority to appoint counsel for indigent petitioners in habeas cases. *Stelz v. Cain*, 325 Or App 560, 562, 529 P3d 284 (2023). Here, when plaintiff filed his habeas petition, he also filed a motion for appointment of counsel. The court issued an order to show cause why the writ should not be allowed, and it deferred ruling on the request for counsel until resolution of the order to show cause. Defendant moved to deny the petition arguing that it failed to allege facts that required immediate judicial scrutiny, and it failed to allege a serious, immediate, and ongoing threat to plaintiff's health or safety. The habeas court entered a general judgment denying the petition as meritless and dismissed the case. However, there is no indication that the court considered or ruled on the motion for appointment of counsel.

As we explained in *Stelz*, 325 Or App at 565, when a plaintiff files a motion to appoint counsel in a habeas case, the plaintiff is not entitled to have an attorney appointed, but the plaintiff is entitled to "a ruling with sufficient explanation on the record in response to his motion to appoint counsel." That did not occur here. Therefore, like in *Stelz*, we vacate the judgment of dismissal and remand for the habeas court to rule on the motion for appointment of counsel and make a record of its exercise of discretion.[2]

Judgment dismissing writ of habeas corpus vacated and remanded.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

[2] Given our disposition on the first assignment of error, we decline to reach the second assignment, in which plaintiff argues that the habeas court erred in granting the motion to deny the petition.