460 November 27, 2024 No. 852

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STEPHEN LEE BROWN,
*Plaintiff-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
24CV17383; A184547

Erin K. Landis, Judge.

Submitted October 11, 2024.

Jedediah Peterson and Equal Justice Law, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Judgment dismissing writ of habeas corpus vacated and remanded.

**LAGESEN, C. J.**

In this appeal from a judgment dismissing a *pro se* petition for a writ of habeas corpus, plaintiff assigns error to the court's failure to address his motion for appointment of counsel. Defendant concedes the error. We agree with and accept the concession. We vacate the judgment and remand for the habeas court to rule on the motion for appointment of counsel.[1]

Under ORS 34.355, courts have discretionary and implicit authority to appoint counsel for indigent petitioners in habeas cases. *Stelz v. Cain*, 325 Or App 560, 562, 529 P3d 284 (2023). Here, when plaintiff filed his habeas petition, he also filed a motion for appointment of counsel. In response to the court's order to show cause why the writ should not be allowed, defendant moved to deny the petition arguing that plaintiff failed to allege that he was currently subject to the conditions of which he complained, and that plaintiff failed to allege the kind of injury required for habeas relief. The habeas court granted the motion and entered a general judgment of dismissal. However, there is no indication that the court considered or ruled on the motion for appointment of counsel.

As we explained in *Stelz*, 325 Or App at 565, when a plaintiff files a motion to appoint counsel in a habeas case, the plaintiff is not entitled to have an attorney appointed, but the plaintiff is entitled to "a ruling with sufficient explanation on the record in response to his motion to appoint counsel." That did not occur here. Therefore, like in *Stelz*, we vacate the judgment of dismissal and remand for the habeas court to rule on the motion for appointment of counsel and make a record of its exercise of discretion.

Judgment dismissing writ of habeas corpus vacated and remanded.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.