No. 37　　　　January 8, 2025　　　　417

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MARTIN ALLEN JOHNSON,
*Plaintiff-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
23CV27819; A182239

Lung S. Hung, Judge.

Submitted December 13, 2024.

Jedediah Peterson and Equal Justice Law filed the brief for appellant. Martin A. Johnson filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Nakamoto, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this appeal from a judgment dismissing a *pro se* petition for a writ of habeas corpus, petitioner raises one assignment of error through counsel and three *pro se* assignments of error. Reviewing for abuse of discretion, *Steltz v. Cain*, 325 Or App 560, 564-65, 529 P3d 284 (2023), we affirm.

Petitioner's first *pro se* assignment of error provides no basis for reversal, because it does not assign error to a trial court ruling. Likewise, his second *pro se* assignment of error provides no basis for reversal, because it raises arguments regarding documents and material not contained within this record. In his third *pro se* assignment of error, petitioner challenges the trial court's failure to rule on his motion to reconsider. However, the trial court was divested of jurisdiction to rule on that motion when petitioner filed a notice of appeal several days after filing his motion to reconsider.

Lastly, through counsel, petitioner argues that the "trial court erred in denying [his] motion for appointment of counsel." The trial court ruled on petitioner's motion to appoint counsel and provided a reason—the motion "is denied because the petitioner has failed to state a claim." Petitioner argues that the trial court "abused its discretion because the purported reason for denial [of the motion to appoint counsel] is not consistent with the purpose of [ORS 34.355]." However, in such cases, ORS 34.355 provides courts with discretionary and implicit authority to appoint counsel for indigent petitioners. *Steltz*, 325 Or App at 562. Petitioner argues that the trial court's decision to not appoint counsel, on the basis that "the petitioner has failed to state a claim," was at odds with ORS 34.355, because, in petitioner's view, one purpose of the statute is to enable a petitioner to present their claim more effectively to the court. However, as the state accurately points out, there is no state or federal constitutional right to counsel in habeas cases, *Steltz*, 325 Or App at 562, and petitioner's interpretation of ORS 34.355 "would effectively create a right to counsel despite the legislature's contrary decision" to make appointment of counsel discretionary.

We affirm the trial court's ruling, because the trial court did not abuse its discretion and provided petitioner with a sufficient explanation on the record.

Affirmed.