576 May 14, 2025 No. 441

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. J. W.,
a Minor Child.

Jeannette WESSEL,
*Petitioner-Appellant,*

*v.*

Melissa A. WESSEL
and Tyler Sperry,
*Respondents-Respondents.*

Klamath County Circuit Court
21DR02520; A181239 (Control)

In the Matter of R. A. W. S.,
a Minor Child.

Jeannette J. WESSEL,
*Petitioner-Appellant,*

*v.*

Melissa A. WESSEL
and Tyler D. Sperry,
*Respondents-Respondents.*

Klamath County Circuit Court
21DR02521; A181240

Stephen R. Hedlund, Judge.

Argued and submitted April 15, 2025.

Mark Kramer argued the cause for appellant. Also on the briefs was Kramer & Associates.

Elizabeth C. Savage argued the cause for respondent Tyler D. Sperry. Also on the brief was Elizabeth Savage Law, LLC.

No appearance for respondent Melissa A. Wessel.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Vacated and remanded.

**JACQUOT, J.**

This is a consolidated appeal regarding custody and parenting time for two brothers, M and R, ages nine and seven, respectively. The maternal grandmother of the children, who has established emotional ties creating a "child-parent relationship," as that phrase is used in ORS 109.119(10)(a), appeals a judgment denying her amended petitions to establish custody and parenting time with the children, pursuant to ORS 109.119(3)(a).[1] Father appears on appeal as respondent, and mother does not appear. Grandmother assigns error to two rulings: the court's denial of her petitions for custody and the court's decision to reduce her time with the children, ultimately to every other weekend.[2] She argues that the court applied an incorrect legal framework and failed to make requisite factual findings. Grandmother also requests that this court appoint an attorney to represent the children in any remand proceedings in the trial court.

---

[1] ORS 109.119 first sets out the basic structure of the comprehensive framework a court must apply in these cases:

"(1) Except as otherwise provided in subsection (9) of this section, any person, including but not limited to a related or nonrelated foster parent, stepparent, grandparent or relative by blood or marriage, who has established emotional ties creating a child-parent relationship or an ongoing personal relationship with a child may petition or file a motion for intervention with the court having jurisdiction over the custody, placement or guardianship of that child, or if no such proceedings are pending, may petition the court for the county in which the child resides, for an order providing for relief under subsection (3) of this section.

"(2)(a) In any proceeding under this section, there is a presumption that the legal parent acts in the best interest of the child.

"(b) In an order granting relief under this section, the court shall include findings of fact supporting the rebuttal of the presumption described in paragraph (a) of this subsection.

"* * * * *

"(3)(a) If the court determines that a child-parent relationship exists and if the court determines that the presumption described in subsection (2)(a) of this section has been rebutted by a preponderance of the evidence, the court shall grant custody, guardianship, right of visitation or other right to the person having the child-parent relationship, if to do so is in the best interest of the child. The court may determine temporary custody of the child or temporary visitation rights under this paragraph pending a final order."

[2] In separate appeals, she challenges the dismissals of her guardianship over the children.

Father responds that the trial court correctly determined that grandmother had not carried her burden to show that the legal parents had not acted in the best interest of the children, thereby precluding an award of custody to her. Father also contends that the court correctly applied the statutory framework and rebuttal factors pursuant to ORS 109.119,[3] and that the comments by the court that grandmother challenges on appeal were not rulings. He asserts that the parenting plan was not an abuse of discretion; it was a legally permissible option—given the court's stated purpose (to establish a child-parent relationship between the children and father) and that it provided for a gradual transition of parenting time in the best interest of the children. For the reasons provided below, we vacate and remand for proceedings consistent with this opinion.

---

[3] ORS 109.119 provides the following, nonexclusive list of rebuttal factors:

"(4)(a) In deciding whether the presumption described in subsection (2)(a) of this section has been rebutted and whether to award visitation or contact rights over the objection of the legal parent, the court may consider factors including, but not limited to, the following, which may be shown by the evidence:

"(A) The petitioner or intervenor is or recently has been the child's primary caretaker;

"(B) Circumstances detrimental to the child exist if relief is denied;

"(C) The legal parent has fostered, encouraged or consented to the relationship between the child and the petitioner or intervenor;

"(D) Granting relief would not substantially interfere with the custodial relationship; or

"(E) The legal parent has unreasonably denied or limited contact between the child and the petitioner or intervenor.

"(b) In deciding whether the presumption described in subsection (2)(a) of this section has been rebutted and whether to award custody, guardianship or other rights over the objection of the legal parent, the court may consider factors including, but not limited to, the following, which may be shown by the evidence:

"(A) The legal parent is unwilling or unable to care adequately for the child;

"(B) The petitioner or intervenor is or recently has been the child's primary caretaker;

"(C) Circumstances detrimental to the child exist if relief is denied;

"(D) The legal parent has fostered, encouraged or consented to the relationship between the child and the petitioner or intervenor; or

"(E) The legal parent has unreasonable denied or limited contact between the child and the petitioner or intervenor."

We provide a brief summary of rulings and findings made by the trial court. The court found that grandmother had established a child-parent relationship with the children that entitled her to legally enforceable parenting time. The court also determined that although grandmother "could have, at various times, rebutted the presumption that the legal parents acted in the children's best interests, the court cannot find that the parents are currently unable to act in their best interests." The court denied grandmother's petitions for custody, dismissed her guardianships over the children, and granted father custody. The court imposed a transitional parenting plan that would decrease grandmother's time with the children while increasing father's time with them, to ultimately conclude with father serving as the primary caregiver and grandmother having visitation every other weekend.

Grandmother requests *de novo* factual review and, in the event that we agree that the trial court erred, asks us to grant her petition for custody without remand for the trial court to apply the proper legal framework. Father responds that this is not an exceptional case warranting *de novo* review.

We have discretion to review an appeal of an "equitable action or proceeding" *de novo*, ORS 19.415(3), but we do so only "in exceptional cases," ORAP 5.40(8)(c). Our discretionary *de novo* authority allows us "to make one or more *factual findings* anew on the record." ORAP 5.40(8)(b) (emphasis added). Additionally, "the appellant shall identify with particularity the factual findings that the appellant seeks to have the court find anew on the record and shall concisely state the reasons why the court should do so." *Id.* Given that grandmother's appeal of the custody award is based upon her contention that the court relied on a flawed interpretation of the law and failed to make required findings, we decline grandmother's request to find the facts anew on the record and award her custody.[4]

In the absence of *de novo* review, we (1) accept the trial court's findings and all permissible inferences if they have any basis in the record; (2) view the evidence in the

---

[4] Because we are vacating the grant of custody and remanding, we are therefore not reaching the merits of the assignment of error regarding parenting time.

light most favorable to the trial court's conclusion; and (3) review to determine whether the ORS 109.119 presumption that the legal parents act in the best interest of the child has been rebutted as a matter of law. *Southard and Larkins*, 275 Or App 538, 543, 365 P3d 1089 (2015), *rev den*, 359 Or 39 (2016). "Unless we review *de novo*," we review a "trial court's best-interest determination [for] abuse of discretion." *Id.* at 544.

Based on review of the record including all letter opinions by the court, we determine that the court's explanation of its findings and legal conclusions is insufficient to permit meaningful appellate review of its custody determinations.[5] *See Gilbride v. Smith*, 328 Or App 565, 581, 537 P3d 961 (2023) (determining that the court must supply enough information to allow appellate courts to conduct a meaningful appellate review and the explanation must comport with the applicable legal framework and explain the basic reasons for the decision). The court made clear that it determined grandmother established a child-parent relationship with the children, that it would not be in the best interest of the children to frequently travel between three homes, and it expressed concern for the parents' legal parental rights. The explanations the trial court provided in denying grandmother's petition for custody did not make clear what predicate legal determinations it was relying on to do so, and did not provide enough factual findings for us to determine whether it was exercising discretion to determine that it was not in the best interest of the children to remain with grandmother or whether it determined that she had not carried her burden to rebut the presumption that the parents acted in the best interest of the children (as father contended at oral argument), or whether it determined that it would not be constitutional to award the children to grandmother in light of *Troxel v. Granville*, 530 US

---

[5] After filing this appeal, grandmother sought a stay of execution, which was granted by the Appellate Commissioner as to the portion of the judgment that decreases grandmother's visitation with the children from 50 percent of the time to visitation every other weekend. For purposes of deciding the issues in this appeal, we have disregarded those supplemental materials that the trial court did not consider when it made the custody determination. Though the Appellate Commissioner did consider those exhibits in the decision to order the stay, they played no part in this decision.

57, 120 S Ct 2054, 147 L Ed 2d 49 (2000), as it suggested when making its oral ruling. As noted above, in the ORS 109.119 framework, we apply different standards of review to different parts of the decision. Thus, the court did not create a sufficient record for us to review whether the court's determinations were based on accurately applying the legal rules and determining whether granting custody to grandmother was in the best interest of the children. *See Anderson v. Sullivan*, 311 Or App 406, 413, 492 P3d 118, *rev den*, 368 Or 702 (2021) ("Relying on a mistaken legal premise when exercising discretion is error, regardless of whether the trial court would have had discretion to reach the same result based on a correct understanding of the law.").

We determine that the trial court should consider the rebuttal factors and make a record of the reasons for its ruling on whether grandmother has rebutted the presumption in ORS 109.119(3) and (4)(b).[6] We vacate the custody judgment and remand for the trial court to apply the ORS 109.119 decision-making structure, because both we and the trial court are bound by the Oregon Supreme Court's determination that the procedure for third-party custody in ORS 109.119 adequately protects the fundamental rights of birth parents as outlined in *Troxel*, 530 US at 65-67, by requiring the rebuttal of the presumption that the parents act in the best interest of the child before custody can be granted to a nonparent. *O'Donnell-Lamont and Lamont*, 337 Or 86, 103-04, 91 P3d 721 (2004), *cert den*, 543 US 1050 (2005).

Parenting time of the children should continue to be split 50 percent with grandmother, 50 percent with father and mother, pursuant to the 4th Alternative of the Klamath County Parenting Plan until a new order is entered by the trial court.

Regarding grandmother's request for appointment of counsel to represent the children, ORS 107.425(6) confers discretionary authority to the trial court to appoint an attorney for children on its own motion or if requested by a

---

[6] Due weight is given to the rights of the legal parents via presumption and rebuttal factors outlined in ORS 109.119 and applied in *O'Donnell-Lamont and Lamont*, 337 Or at 103-04 ("ORS 109.119, as we have interpreted and applied it here, responds to [the mandate outlined in *Troxel*] and appropriately protects [a parent's] due process rights.")

party to an action under ORS 109.119. The motion will need to be renewed in the trial court. Like other discretionary decisions, if the trial court once again denies the request for counsel, it will need to make a record of the reasons for its decision. *Steltz v. Cain*, 325 Or App 560, 564-65, 529 P3d 284 (2023) (on a discretionary motion to appoint counsel, the court must issue a ruling with sufficient explanation); *Muthukan and Easterbrook*, 306 Or App 579, 587, 475 P3d 459 (2020) (explaining what constitutes a sufficient record). The protracted litigation in this case and the strained relationships between the parties, as noted in the transcript and letter opinions, suggest that the children's interests may not be fully represented by any of the existing parties to this case.

Vacated and remanded.