848          July 9, 2025          No. 635

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

TROY DEMPSEY,
*Plaintiff-Appellant,*

*v.*

Michael REESE,
Director of DOC,
*Defendant-Respondent.*

Multnomah County Circuit Court
24CV16927; A184300

Michael A. Greenlick, Judge.

Submitted June 6, 2025.

Jason Weber, Corbin Brooks, and Equal Justice Law filed the brief for appellant. Troy Dempsey filed the supplemental brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Judgment dismissing writ of habeas corpus vacated and remanded.

**PER CURIAM**

In this appeal from a judgment dismissing a petition for writ of habeas corpus, plaintiff assigns error to the court's failure to address his motion for appointment of counsel. Defendant concedes the error. We agree with and accept the concession. We therefore vacate the judgment and remand for further proceedings.

Under ORS 34.355, courts have discretionary authority to appoint counsel for indigent petitioners in habeas cases. *Stelz v. Cain*, 325 Or App 560, 562, 529 P3d 284 (2023). Here, when plaintiff filed his *pro se* petition for writ of habeas corpus, he also filed a motion for the appointment of counsel, but the habeas court denied the petition without ruling on that motion and entered a general judgment of dismissal.

When a plaintiff files a motion to appoint counsel in a habeas case, the plaintiff is not entitled to have an attorney appointed, but the plaintiff is entitled to "a ruling with sufficient explanation on the record in response to his motion to appoint counsel." *Id*. at 565. That did not occur here. Therefore, like in *Stelz*, we vacate the judgment of dismissal and remand for the habeas court to rule on the motion for appointment of counsel and make a record of its exercise of discretion. Based on that disposition, we do not address the arguments made in plaintiff's *pro se* supplemental opening brief, which, in any event, are related to arguments that will be addressed in plaintiff's direct appeal. *See State v. Dempsey*, 340 Or App 156, ___ P3d ___ (2025).

Judgment dismissing writ of habeas corpus vacated and remanded.