No. 693 July 30, 2025 335

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STEPHEN LEE BROWN,
*Plaintiff-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
24CV31243; A185242

Lung S. Hung, Judge.

Submitted June 9, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner appeals a judgment denying his motion for court-appointed counsel and dismissing his *pro se* petition for a writ of habeas corpus. In his sole assignment of error, he contends that the trial court abused its discretion by denying his request for court-appointed counsel. For the following reasons, we affirm.

ORS 34.355 provides discretionary and implicit authority for trial courts to appoint counsel for indigent petitioners in habeas cases. *Steltz v. Cain*, 325 Or App 560, 562, 529 P3d 284 (2023). It is a matter of discretion whether to appoint counsel "because neither the Oregon Constitution nor the United States Constitution guarantees counsel in habeas cases, which are at their core, civil proceedings." *Id.* "The consequence of the discretionary authority provided to the habeas court is that we, as an appellate court, will not disturb the lower court's ruling on a motion to appoint counsel if that decision is within the spectrum of legally permissible rulings on the matter." *Id.* In this case, petitioner contends that the trial court abused its discretion by failing to explain the reason for declining to appoint counsel. *See State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) (describing ways that a court may err in exercising discretion, including by failing to make a record reflecting the exercise of discretion).

We are unpersuaded. Habeas relief is available only in specific and limited circumstances. *Penrod/Brown v. Cupp*, 283 Or 21, 28, 581 P2d 934 (1978). Here, the petition itself demonstrated that habeas relief was unavailable to petitioner because, as the trial court explained, the alleged constitutional violations occurred months in the past and were "no longer pending," rendering the petition "insufficient to demonstrate a need for immediate judicial scrutiny." Therefore, the trial court dismissed the petition without prejudice and, in the same judgment, denied the motion to appoint counsel. In context, the court clearly declined to appoint counsel *because* petitioner had failed to state a claim. Perhaps the court would have ruled differently had it seen something in the petition suggesting a potentially valid claim that just needed better development with the

assistance of an attorney. But faced with a petition that plainly failed to state a claim, the court declined to appoint an attorney, and we cannot say that it abused its discretion by doing so, or that the court needed to provide more explanation under the circumstances. If trial courts were required to appoint counsel in cases with facially meritless petitions because of the possibility that a lawyer could root out some alternative claim with merit, their discretionary authority to appoint counsel in habeas cases would quickly transform into a right to counsel, in contravention of the statute and existing case law.

The trial court did not abuse its discretion in declining to appoint counsel because the petition failed to state a claim.

Affirmed.