No. 755 August 20, 2025 839

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Guardianship of M. J. W.,
a Minor Child.

J. J. S. W.,
*Appellant,*

*v.*

M. A. W.
and T. S.,
*Respondents.*

Klamath County Circuit Court
20PR01526; A182286 (Control)

In the Matter of the Guardianship of R. A. W. S.,
a Minor Child.

J. J. S. W.,
*Appellant,*

*v.*

M. A. W.
and T. S.,
*Respondents.*

Klamath County Circuit Court
20PR01525; A182290

Stephen R. Hedlund, Judge.

Submitted July 23, 2025.

Mark Kramer and Kramer & Associates filed the brief for appellant.

Elizabeth C. Savage and Elizabeth Savage Law, LLC filed the brief for respondent T. S.

No appearance for respondent M. A. W.

Before Kamins, Presiding Judge, Jacquot, Judge, and Armstrong, Senior Judge.

PER CURIAM

Vacated and remanded.

**PER CURIAM**

This case concerns limited guardianships pursuant to ORS 125.305, for two brothers, M and R, ages nine and seven, respectively. In a recent related appeal, we vacated and remanded the trial court's custody and parenting time judgment. *Wessel v. Wessel*, 340 Or App 576, 582-83 (2025) (nonprecedential memorandum opinion).

In this appeal, we address grandmother's single assignment of error, that the trial court erred by dismissing the limited guardianships. A guardianship under ORS 125.305 may be terminated upon motion after determining that "[t]he best interests of the protected person would be served by termination of the proceedings." ORS 125.090.

Given the scope of remand in our decision in *Wessel*, the trial court's determination that grandmother had developed a child-parent relationship with the boys, and the trial court's consolidation of the guardianship and custody cases, we remand for further proceedings consistent with our opinion in *Wessel*. The trial court must determine, under the appropriate legal standard, whether grandmother rebutted the presumption that father acted in the best interest of the children. It is within the trial court's purview to enter any temporary orders necessary to protect the interests of the children in the interim.

Vacated and remanded.