68 December 24, 2025 No. 1113

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STEPHEN LEE BROWN,
*Plaintiff-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
24CV17383; A186958

Erin K. Landis, Judge.

Submitted October 10, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant.

Jona J. Maukonen, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Plaintiff appeals a judgment entered after we vacated and remanded an earlier judgment dismissing a writ of habeas corpus. *Brown v. Miller*, 336 Or App 460 (2024) (nonprecedential memorandum decision). As we described in that previous opinion, the habeas court granted a motion to deny plaintiff's petition on the ground that he failed to allege that he was currently subject to the conditions of which he complained, and that plaintiff failed to allege the kind of injury required for habeas relief. *Id.* at 461. However, because plaintiff had also filed a motion to appoint counsel, and there was no indication that the court had considered or ruled on it, we vacated and remanded the judgment of dismissal "for the habeas corpus court to rule on the motion for appointment of counsel and make a record of its exercise of discretion."

On remand, the court considered and denied plaintiff's motion for appointment of counsel, and it entered the judgment of dismissal for the same reasons indicated in the earlier judgment. On appeal, appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). Having reviewed the record, including the trial court file, and the *Balfour* brief, we have identified no arguably meritorious issues.[1]

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.